**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

MARK BLAKE and BEAU GERTZ

                              Case No.: 3:24-cv-1359

      Plaintiffs,

v.

DAVID GOLDNER, PAUL BURNS,
NANCY OSER, NATHANIEL MOORE,
JEFFREY GLEASON, STEVEN COHEN
and LINDA KEARNEY

      Defendants.

_____/

### COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE FEDERAL RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT

Plaintiffs Mark Blake and Beau Gertz bring this Complaint against David Goldner (Goldner), Paul Burns (Burns), Nancy Oser (Oser), Nathaniel Moore (Moore), Jeffrey Gleason (Gleason), Steven Cohen (Cohen) and Linda Kearney (Kearney) and allege as follows:

### NATURE OF THE CASE

This is an action pursuant to the Racketeering Influenced and Corrupt Organizations Act (RICO) to obtain damages to compensate plaintiffs for the injuries they have suffered as a result of Defendants' pattern of obstruction of justice. They have joined forces to implicate plaintiffs in an insurance fraud scheme. This conspiracy resulted in a civil judgment being entered against Plaintiffs for $25.9 million. Defendants undertook this scheme to benefit their employer, Elevance

1

Health Inc. f/k/a Anthem Inc. (Elevance).

## PARTIES, JURISDICTION, AND VENUE

1.      This court has subject matter jurisdiction of this case as a federal question pursuant to 28 U.S.C. § 1331 and RICO's civil damages provision, 18 U.S.C. § 1964(c).

2.      This Court has personal jurisdiction over the Defendants as numerous racketeering activities originated in this district.  Additionally, this court has personal jurisdiction over David Goldner pursuant to 18 U.S.C. §1965(a) because he is a resident of the Middle District of Florida.

3.      With jurisdiction over Goldner, the Court also has jurisdiction over the other defendants because they joined a RICO conspiracy with him and the ends of justice require all defendants be part of this action as provided by 18 U.S.C. §1965(b).

4.      Venue properly lies in the Middle District of Florida under 28 U.S.C. § 1391(b)(2) because, a substantial part of the events giving rise to the claim occurred in this district.

## STATEMENT OF FACTS

5.      The Medicare Claims Processing Manual, Chapter 2, § 90.4, details the specific universal codes that must be used by hospitals when submitting claims for medical services. Per this manual, hospitals must use Type of Bill (TOB) 85X as the code for *outpatient* laboratory services and TOB 14X as the code for *nonpatient* laboratory services. Outpatients and nonpatients are mutually exclusive patient categories and cannot be interchanged.

6.     The HITECH Act for HIPAA Privacy, Security, and Breach Notification Rules, specifically 45 C.F.R.§ 162.915(b), prohibits insurance carriers, their trading partners, or their associates from adding, deleting, or changing the definition of any data elements or segments to the maximum data set. Doing so violates the False Claims Act, 31 U.S.C. § § 3729-3733.

7.     Defendants conspired to and did prepare a Falsified Spreadsheet for use at the Plaintiffs' civil trial in order to claim that Plaintiffs had transmitted the fraudulent data when in reality the fraudulent data was authored by Burns after the claims were out of the control of the Plaintiffs and after the claims were adjudicated and paid by Elevance. Defendants also provided the Falsified Spreadsheet to a grand jury in the Middle District of Florida to support Goldner's unlawful criminal referral to the FBI to implicate Plaintiffs in criminal healthcare fraud.

8.     The conspiracy started in October 2016 when Steven Cohen, Senior Associate General Counsel for Elevance, directed his subordinate, Linda Kearney, senior in house attorney for the giant health care company, to investigate a spike in billing from laboratory claims by rural hospitals in Florida and Missouri.

9.     Kearney headed an investigation and learned that the hospital contracts did not prohibit this type of billing by rural hospitals for laboratory claims, known as "pass-through billing."

10.     In 2018 Paul Burns, a business information developer for Elevance, was directed by Kearney and Cohen to create a false excel spreadsheet representing a group of claims that Elevance was going to contend were fraudulent.  He did so

3

knowing at all times that the claims data transmitted to Elevance was not fraudulent. In order to deceive federal prosecutors in the U.S. Attorney's Office in the Middle District of Florida investigating health care fraud, at Elevance's request, he added false data and deleted data to the spreadsheet to support Elevance's claim that plaintiffs were submitting fraudulent claims to Elevance.

11.    In 2018, defendant Moore, a lawyer representing Elevance at the law firm Robins Kaplan LLP in Minnesota, and being directed by Kearney, tendered Burns' false spreadsheet to a federal grand jury convened by the U.S. Attorney's office in the Middle District of Florida for the purpose of procuring indictments against plaintiffs. This violated 18 U.S.C. §1512(c)(2) by corruptly influencing an official proceeding with false, incriminating evidence and was undertaken with the approval of Burns, Kearney and Cohen.

12.    In July 2018, Gleason, a colleague of Moore at Robins Kaplan in Minnesota, and Moore filed a civil suit in the Western District of Missouri against Plaintiffs claiming they engaged in widespread healthcare fraud.

13.    September 2021, the civil case was tried. Defendant Gleason, being directed by Kearney, who was present, introduced the Falsified Spreadsheet authored by Burns into evidence rather than producing Elevance's actual, unaltered billing history, despite this history being in his possession.  This violated 18 U.S.C. §1512(c)(2).  This use of the Falsified Spreadsheet was also undertaken with the agreement of all defendants.

14.    Defendant Oser, an Elevance employee, authenticated the Falsified

Spreadsheet at the direction of Kearney and Gleason at the trial. She thus joined the conspiracy to obstruct justice.

15.    On September 30, 2021, the Defendants' conspiracy to obstruct justice resulted in a jury verdict against the Plaintiffs for $18,053,015 in compensatory damages and $7,600,000 in punitive damages in the civil trial .

16.    In May 2022 at the  criminal trial of Jorge Perez, Ricardo Perez, James Porter and Christian Fletcher in the Middle District of Florida, the prosecutors introduced the same Falsified Spreadsheet used in the civil trial into evidence.  The defendants knew about and approved of this additional violation of 18 U.S.C. §1512(c)(2).  After obtaining convictions against some criminal defendants and a hung jury on others, the government chose to retry the case against those defendants who had not been convicted. Thus, the defendants engaged in a separate obstruction of justice scheme in order to victimize others.

17.    In March 2023 at the criminal re-trial the government introduced the Falsified Spreadsheets once again into evidence with the approval of all defendants.  This was a fourth violation of 18 U.S.C. §1512(c)(2).

18.    Thus, the defendants conspired to use the Falsified Spreadsheets at the civil trial and two criminal trials, two separate schemes resulting in separate sets of injuries to two sets of victims.

## CLAIM FOR RELIEF

19.    Plaintiffs incorporate the allegations set forth in paragraphs 1 through 18.

20. Each Defendant participated in the overall scheme to obstruct justice through the creation and use of the Falsified Spreadsheet in federal trials and before a grand jury. They did so despite their entry into the conspiracy at different times. Thus, each defendant is guilty of conspiring to violate 18 U.S.C. §1512(c)(2) by corruptly influencing official proceedings by the use of false, incriminating evidence.

21. The violation of 18 U.S.C. §1512(c)(2) is made a form of "racketeering activity" by 18 U.S.C. §1961(1)(B).

22. Each defendant has participated in the racketeering activity on behalf of Elevance. Elevance (now known as "Elevance Health, Inc.") is a corporation and thus a RICO enterprise pursuant to 18 U.S.C. §1961(4).

23. Elevance affects interstate commerce by insuring people in multiple states.

24. Accordingly, each defendant has violated 18 U.S.C. §1962(d) by participating in the two overall schemes which entailed ongoing violations of 18 U.S.C. §1962(c), which makes it a crime for "any person employed by or associated with any enterprise… to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity…"

25. The pattern of violations of 18 U.S.C. §1512(c)(2) began in October 2016 and continued until March 2023, and entailed several discrete violations of the statute to corrupt a federal grand jury, a federal civil trial and two federal criminal trials.

26. This conspiracy has proximately damaged plaintiffs by causing the jury

6

in their civil trial to enter a verdict against them for $25.9 million plus post-trial interest.

27. Thus, Plaintiffs assert civil RICO claims against all defendants for the amount of their damages, $25.9 million, trebled, plus pre-judgment interest, costs, and reasonable attorney's fees, pursuant to 18 U.S.C. §1964(c), totaling at least $78 million.

<b><u>PRAYER FOR RELIEF</u></b>

**WHEREFORE**, Blake and Gertz each pray for judgment against Defendants as follows:

1. Awarding both Blake and Gertz damages of at least $78 million, pursuant to 18 U.S.C. § 1964(c) and according to proof, including,

2. Pre-judgment interest, costs, and reasonable attorneys' fees;

3. Any other relief this Court deems just and proper,

<b><u>DEMAND FOR JURY TRIAL</u></b>

Plaintiffs hereby demand a trial by jury on all issues so triable in this action.

Dated: December 29, 2024.

Respectfully submitted,

By: */s/ Mark Blake*
Mark T. Blake, Esquire
Florida Bar No. 368881
marktblake@aol.com
Mark T. Blake, LL.M. P.A.
914 Poinciana Lane
Winter Park, FL 32789
(813) 480-6828

By: */s/ Howard Foster*
Howard Foster (pro hac vice forthcoming)
FOSTER PC
155 N. Wacker Drive
Suite 4250
Chicago, IL  60606
(312) 726-1600
hfoster@fosterpc.com

**Attorneys for Plaintiffs**