## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

MARK BLAKE and BEAU GERTZ,

       Plaintiffs,

v.

DAVID GOLDNER, et al.,

       Defendants.

_____/

CASE NO.: 3:24-cv-01359-TJC-PDB

## JOINT REPLY IN SUPPORT OF MOTION TO DISMISS OR TRANSFER

Defendants file this reply in support of their Motion to Dismiss (Dkt. 57).

## I.  Venue Is Improper in the Middle District of Florida.

In their Motion, Defendants argued that Mr. Goldner was named purely to manufacture venue here. *See* Dkt. 57 at 12. In response, Plaintiffs contend that the conspiracy "began with [Goldner's] conduct" when he prepared a "report" falsely accusing labs of submitting fraudulent claims and sent that report to the F.B.I. Dkt. 62 at 9–10. They claim that this was a RICO predicate offense, and Mr. Goldner is thus a proper RICO defendant and venue is proper here. *Id*. at 10.

The racketeering activity alleged in the First Amended Complaint ("FAC"), however, pertains to the creation of an allegedly falsified claims spreadsheet, not Mr. Goldner's report. FAC ¶¶ 14, 16, 19, 21. Plaintiffs do not plausibly connect that report to the spreadsheet that allegedly damaged them, only including the unsupported allegation that Mr. Goldner "believed and hoped" his report "would be the basis for the creation of false evidence." *Id*. ¶ 8.

Even assuming venue is proper as to Mr. Goldner, Plaintiffs fail to

distinguish *Graceland v. Plutus Enterprises LLC*, 2022 WL 1212801 (M.D. Fla. Apr. 25, 2022). They argue the analysis in *Graceland* does not apply because Mr. Goldner resides in the Middle District, thus satisfying § 1965(a), while venue was not proper for any defendant in *Graceland*. *See* Dkt. 62 at 9. This argument fails because the *Graceland* court held that "*[e]ven if* venue could be proper for all Defendants under Section 1965(b) in this district despite no Defendant satisfying Section 1965(a) or Section 1391(b), the ends of justice do not favor asserting venue in this district." *Graceland*, 2022 WL 1212801 at *7 (emphasis added).

Likewise, the "ends of justice" do not favor asserting venue here. As detailed in the Motion, the other Defendants do not have ties to this District, and the events that allegedly damaged Plaintiffs occurred in the Western District of Missouri, where venue is proper and which is familiar with the issues here. *See* Dkt. 57 at 13–14. "In short, even under the relaxed venue provisions of RICO, venue is improper," and the case should be dismissed. *Graceland*, 2022 WL 1212801 at *7.

Alternatively, transfer is warranted. Plaintiffs assert that this case could not have been filed in Missouri because the RICO venue statute is based on residence and none of the Defendants reside there. Dkt. 62 at 11. This ignores the fact that the general venue statute provides for venue in a "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." *Graceland*, 2022 WL 1212801 at *5 (quoting 28 U.S.C. § 1391(b)(2)). While venue is not proper in this District under § 1391(b)(2) because the relevant events did not occur here, venue may exist in the Western District of Missouri, where Plaintiffs

2

purport to have been damaged by the verdict entered against them in the Missouri Lawsuit. *See* FAC ¶ 32. Thus, transfer is a proper alternative to dismissal.

## II.   <u>The Court Lacks Jurisdiction Over the Nonresident Defendants.</u>

Plaintiffs argue that Defendants "fail to cite any decision where a court has found a RICO claim to be non-colorable." Dkt. 62 at 7. Therefore, Plaintiffs reason, Defendants' "argument that this RICO claim is not colorable is unsupported." *Id.*

These statements are false. Defendants cited and quoted *Courboin v. Scott*, 596 F. App'x 729 (11th Cir. 2014). *See* Dkt. 57 at 16-19. In *Courboin*, plaintiff appealed the dismissal of his RICO complaint against multiple defendants on personal jurisdiction grounds, arguing, as Plaintiffs do here, that the district court had jurisdiction over the defendants under RICO. *See* 596 F. App'x at 730-31.

The Eleventh Circuit affirmed, finding that, "[u]pon review of Courboin's complaint, we conclude that ***he has not stated a colorable federal RICO claim***." *Id.* at 733 (emphasis added). Specifically, the court found that he had not identified any predicate acts of racketeering activity or alleged facts plausibly supporting an enterprise. *See id.* Because his claims did not "rise to the level of a colorable federal controversy," the court concluded that "Courboin cannot, therefore, take advantage of the nationwide service-of-process provision in RICO as a basis for exercising personal jurisdiction over the defendants." *Id.* at 733-34.

As in *Courboin*, Plaintiffs' RICO claim is not colorable. It is based entirely on allegations that were raised and rejected in the Missouri Lawsuit, where Judge Kays found that Plaintiffs failed to provide "any evidence" of fraud,

3

misrepresentation, or misconduct and threatened to sanction them if they filed another "wholly meritless" motion. *See* Mo. Dkt. 888. Therefore, no basis exists for exercising personal jurisdiction over the nonresident Defendants under RICO.

## III.   <u>Preclusion Bars Plaintiffs' Claim</u>

Plaintiffs admit "res judicata . . . may be applicable" here (Dkt. 62 at 25) but insist their claim is not barred because damages were unavailable. *Id.* at 23-24. Plaintiffs miss the point. Their claimed "damage" is the ***existence*** of the Amended Judgment against them. *See* FAC at 1 & ¶¶ 32-33. But Rule 60 provides the process for vacating a judgment for fraud, misrepresentation, or misconduct. Plaintiffs tried that and lost. Now they cloak their vacatur argument as a claim for "damages" to avoid res judicata. Preclusion exists precisely to avoid this situation.

Courts have rejected Plaintiffs' theory and demanded parties use Rule 60 instead. In *Chewning v. Ford Motor Co.*, a losing party filed a second suit against his opponent and its counsel, claiming they "engaged in a pattern of hiding or destroying evidence and lawyer-assisted perjury" in the first case. 35 F. Supp. 2d 487, 488 (D.S.C. 1998). The court dismissed the claims "except to the extent they can be construed as a Rule 60 motion or independent action," and reasoned:

> The remedies plaintiff seeks, and the independent claims he desires to advance, would, in effect, allow relitigation of cases by placing before a jury a decision that has clearly been vested within the equitable powers of the court . . . [it] would require litigation of a claim within a claim and require one jury to delve into the collective mind of another jury, a highly speculative and unprecedented practice.

*Id.* at 491, 492. Other courts agree. *See e.g.*, *Robinson v. Volkswagenwerk AG*, 56

4

F. 3d 1268, 1274-75 (10th Cir. 1995) (affirming dismissal of claims seeking damages allegedly caused by fraud in the first lawsuit because "plaintiffs could not pursue their claims for damages without first obtaining relief from the judgment"); *Ortega v. Young Again Prods., Inc.*, 2012 WL 3046116, at *4 n.1 (S.D. Tex. July 25, 2012) ("This Court is unaware of any courts that have allowed such a claim for damages against such an individual.").

New None of Plaintiffs' cited authority changes this result. Plaintiff's claims in *Hammervold v. Blank*, 3 F.4th 803 (5th Cir. 2021) were not conditioned on vacatur of an earlier judgment, as Plaintiffs' claims are here. *Hammervold* held res judicata did not apply because the first court lacked jurisdiction to hear the claim, *id.* at 809, which is not true here. Also, unlike here, *Hammervold* did not involve a factual finding where the initial court concluded there was ***no*** evidence – a critical distinction that makes the differing standards irrelevant. Plaintiffs rely on *DeBose v. University of South Florida Board of Trustees*, 2020 WL 3440651 (M.D. Fla. June 23, 2020), to assert res judicata cannot bar an independent action under Rule 60(d) when an attorney is accused of fabricating evidence. (Dkt. 62 at 26-27). But in *DeBose*, the court ***denied*** plaintiff's motion for independent action under Rule 60, reasoning that the allegations of fraudulent and fabricated evidence had "been considered, weighed, and rejected by this Court on multiple occasions" and "the Court consistently found that [plaintiff's] claims were unsupported by competent evidence." 2020 WL 3440651, at *3-4.

Here, Plaintiffs actually litigated their contention that the Amended

5

Judgment should be vacated– and lost. Judge Kays found that Blake and Gertz had "***not provided any evidence*** . . . that [Elevance] engaged in any fraud, misrepresentation, or misconduct" and such a claim was "wholly meritless, based on half-truths and innuendo." (Mo. Dkt. 888) (emphasis added). Thus, Plaintiffs' attempt to re-litigate issues that have been raised, litigated, and decided is barred.

Plaintiffs also incorrectly assert *Locklin v. Switzer Bros., Inc.,* 335 F.2d 331 (7th Cir. 1964), is no longer valid precedent based on *United States v. Beggerly,* 524 U.S. 38, 46 (1998). (Dkt. 62 at 26-27). *Beggerly* did not hold that res judicata never applies in Rule 60(b) actions, as Plaintiffs suggest. Instead, the court looked back over one hundred years to find an example that met the "demanding standard" of a "grave miscarriage of justice" sufficient to warrant departure from the doctrine of res judicata. *Beggerly*, 524 U.S. at 47. The court nevertheless reversed the appellate court as plaintiffs' allegations did not rise to the level of a grave miscarriage of justice to allow for an independent action under Rule 60(b). *Id.* at 47; *see also Matthews, Wilson & Matthews, Inc. v. Cap. City Bank*, 614 F. App'x 969, 971 (11th Cir. 2015) (recognizing in Rule 60(b) and 60(d) context that "[n]either perjury nor fabricated evidence constitutes fraud upon the court, since both can and should be exposed at trial . . ." and plaintiffs may not "use an independent action as a vehicle for the relitigation of issues.").

Courts still cite *Locklin* to bar recycled Rule 60(b) claims. *See, e.g.*, *Bukstel v. Hand*, 644 F. App'x 110, 111 (3d Cir. 2016) ("[T]o the extent that [Plaintiff] sought either to file a second Rule 60(b) motion in the underlying action or file a

separate action for fraud on the court . . . his claims are barred by the District Court's denial of those same claims when [Plaintiff] raised them in his initial Rule 60(b) motion."); *Fla. Evergreen Foliage v. E.I. Du Pont De Nemours, Co.*, 135 F. Supp. 2d 1271, 1288 (S.D. Fla. 2001), *aff'd*, 341 F.3d 1292 (11th Cir. 2003) (dismissing an independent action under Rule 60(b) because "allowing damages claims such as these would permit relitigation of cases and issues").[1]

In the Missouri Lawsuit, Blake and Gertz alleged broad assertions of fraud by Elevance personnel and attorneys. Judge Kays rejected those claims, and preclusion bar Plaintiffs from reasserting those same claims here.

## IV.    Plaintiffs Fail to State a Claim for Violation of RICO

As to Rule 9(b), Plaintiffs, citing *Spadaro v. City of Miramar*, 2012 WL 3027813 (S.D. Fla. July 24, 2012) argue that 18 U.S.C. § 1512 "does not involve fraud," and, therefore, Rule 9(b) does not apply to **any** violation of 18 U.S.C. § 1512. *See* Dkt. 62 at 19–20. In *Spadaro*, the court found that an allegation that plaintiffs were "entitled to tolling of the statute of limitations because Defendants fraudulently concealed their misconduct" did not subject the claims to Rule 9(b), because the predicate acts did not involve fraud. *See* 2012 WL 3027813, at \*3, n. 5.

Where the predicate acts themselves sound in fraud, however, Rule 9(b)

---

[1]    Plaintiffs also assert *Maid of Mist* is inapplicable because no rule as to res judicata was established. (Dkt. 62 at 26). While the court acknowledged it was not "strictly necessary" to examine res judicata, it nevertheless recognized the party's understanding was incorrect. *Maid of Mist Corp. v. Alcatraz Media, LLC*, 2010 WL 1687810, at \*13016 (N.D. Ga. Apr. 26, 2010), *aff'd*, 446 F. App'x 162 (11th Cir. 2011) (finding preclusion applied because of the "adverse ruling that this Court rendered [was based] on materially similar arguments, issues and claims for relief").

should apply. *See Nesbitt v. Regas*, 2015 WL 1331291, at \*12, n. 21 (N.D. Ill. Mar. 20, 2015) (finding Rule 9(b) governed RICO claims asserting violations of § 1512 where the "particular § 1512 allegations" sounded in fraud). At its core, Plaintiffs' claim sounds in fraud. Plaintiffs allege that Defendants created a claims spreadsheet containing fraudulent data (Dkt. 54 ¶ 10), that it was admitted into evidence (*id.* ¶¶ 16–17), and that, because of that falsified spreadsheet, the jury returned a verdict against them for $25.9 million (*id.* ¶ 32). Thus, Rule 9(b) applies.

Plaintiffs' claim for violation of § 1962(d) is based on alleged "ongoing violations" of § 1962(c). *Id.* ¶ 30. Yet, tellingly, they only bring a claim for RICO conspiracy. Still, Plaintiffs must plausibly allege agreement to commit acts that, if completed, constitute a substantive violation of § 1962(c). *See Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1269 (11th Cir. 2004). They have **not** met this burden.

As to "pattern," Plaintiffs admit they allege only a single scheme and do not argue for open-ended continuity. *See* Dkt. 62 at 14-17. The binding case law from the Motion, which Plaintiffs fail to address, confirms this admission is fatal to their claim. *See Jackson*, 372 F.3d 1267 ("[W]here the RICO allegations concern only a single scheme with a discrete goal, the courts have refused to find a close-ended pattern of racketeering."). Here, the alleged "scheme" had only one goal: manipulating a litigation outcome.[2] *See, e.g.*, FAC ¶ 5; *see also* Dkt. 57 at 43.

---

[2] Plaintiffs' reliance on *Hartman and Jones* is unpersuasive. In *Hartman,* plaintiffs sought to establish an "open-ended" continuity theory, which Plaintiffs here are not advancing. *Hartman v. Does 1-2*, 2025 WL 398846, at \*5 (11th Cir. Feb. 4, 2025). *Jones* is factually distinguishable because there was proof of "two violations" against plaintiffs, in addition to evidence of "strikingly" similar regular business practices perpetrated on others, which, viewed in totality,

As to "proximate injury," Plaintiffs rely exclusively another non-binding opinion from *Spadaro* where the Southern District dismissed plaintiff's federal RICO claims with prejudice. *Spadaro v. City of Miramar*, 855 F. Supp. 2d 1317, 1352-53 (S.D. Fla. 2012) (failure to allege pattern and injury). Plaintiffs contend that *Spadaro* stands for the proposition that merely alleging injury from a "conspiracy to violate 18 U.S.C. § 1512(3)(b)" is adequate to plead causation.[3] Dkt. 62 at 30. Not so. The Southern District did not hold this brightline rule. Rather, it concluded that plaintiff in that case sufficiently alleged defendants had committed predicate acts, thus sufficiently alleging defendants had caused him damage. *Id.* at 1352. Plaintiffs here do not even attempt to argue that they have sufficiently alleged agreement to commit predicate acts, nor does their pleading have allegations that connect Defendants' alleged conduct to their purported injuries. Dkt. 57 at 43-45.[4]

Finally, Plaintiffs' conspiracy claim cannot stand alone in the face of insufficient allegations of any agreement to commit a substantive RICO violation.[5]

_____

established a pattern for Florida RICO. *See Jones v. Childers*, 18 F.3d 899, 912-14 (11th Cir. 1994). Here, Plaintiffs have not alleged such regular business practices by Defendants.

[3]    The FAC attempts to allege a violation of § 1512(c)(2) ***not*** § 1512(3)(b). *See, e.g.*, FAC ¶ 26.
[4]    As to "enterprise," Plaintiffs' reliance on *Browne* and *Design Pallets* is misplaced. First, neither of those cases concerns the procedural posture of the instant matter. *See United States v. Browne*, 505 F.3d 1229, 1241 (11th Cir. 2007) (appeal in a criminal action*); Design Pallets, Inc. v. Gray Robinson, P.A.*, 2008 WL 3200275, at *1 (M.D. Fla. Aug. 5, 2008) (motion for summary judgment). Second, even if the specific "operation or management" test does not apply to RICO conspiracy claims, Plaintiffs ***still*** need to sufficiently allege that Defendants agreed to facilitate a scheme that includes the conduct of an enterprise's affairs through racketeering. They have not done so. *See, e.g.*, Dkt. 57 at 39-40.
[5]    Plaintiffs' reliance on *Otto Candies* is unavailing. *See Otto Candies, LLC v. Citigroup Inc.*, 137 F.4th 1158, 1203 (11th Cir. 2025). There, the Eleventh Circuit reversed dismissal of the RICO conspiracy claim because even if the substantive RICO claim (which had also been reversed and remanded) was inviable, plaintiffs had sufficiently alleged (indeed, even under 9(b)) agreement to commit an illegal act—wire fraud. *Id.* at 1201-03. Here, even if the lower Rule 8 hurdle applies (it does not), Plaintiffs pleading deficiencies remain unresolved.

Plaintiffs only argue that they have plausibly alleged that Defendants agreed to the "overall objective of the conspiracy." Dkt. 62 at 31-32. But their allegations are conclusory at best. *See, e.g.*, FAC ¶¶ 20, 23. For example, the FAC is devoid of any allegations explaining how all the Defendants came together to agree on the objective to violate RICO, only that they "conspired to and did prepare a spreadsheet." *Id.* ¶ 5. This is just one example of the shortcomings in the FAC in this regard. *See* Dkt. 57 at 45-48.

The Court should grant Defendants' Motion to Dismiss or Transfer.

Respectfully submitted,

*/s/  Mark F. Raymond*
**NELSON MULLINS**
2 South Biscayne Blvd., 21st Floor
Miami, Florida 33131
Tel: 305.373.9400
Mark F. Raymond, Fla. Bar No. 373397
mark.raymond@nelsonmullins.com
Kimberly J. Freedman, Fla. Bar No. 71826
kimberly.freedman@nelsonmullins.com

*Counsel for Defendants Burns, Oser, Cohen, and Kearney*

*/s/  Lauren Vickroy Purdy*
**GUNSTER, YOAKLEY & STEWART, P.A.**
1 Independent Drive, Suite 2300
Jacksonville, FL 32202
Tel: 904.350.7168
Lauren Vickroy Purdy, Fla. Bar No. 93943
lpurdy@gunster.com
Ashley Englund Stuart, Fla. Bar No. 1025829
astuart@gunster.com

*Counsel for Defendants Moore and Gleason*

*/s/  Allen P. Pegg*
**HOGAN LOVELLS US LLP**
600 Brickell Avenue, Suite 2700
Miami, Florida 33131
Tel: 305.459.6500
Allen P. Pegg, Fla. Bar No.: 597821
allen.pegg@hoganlovells.com
Daniel Balmori, Fla. Bar No.: 0112830
daniel.balmori@hoganlovells.com

*Counsel for Defendant Goldner*