## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

MARK BLAKE and BEAU GERTZ

        Case No.: 3:24-cv-01359-TJC-PDB

     Plaintiffs,

v.

DAVID GOLDNER, PAUL BURNS,
NANCY OSER, NATHANIEL MOORE,
JEFFREY GLEASON, STEVEN COHEN
and LINDA KEARNEY,

     Defendants.

_____/

## PLAINTIFFS' SUR-REPLY IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

Plaintiffs Mark Blake and Beau Gertz, by counsel, respond to defendants' Joint Reply In Support of Motion to Dismiss of Transfer (Doc. 67) (hereafter "Reply").  For the reasons stated in Plaintiffs' Response to the Motion to Dismiss (Doc. 62) and below, Defendants have not met their considerable burden to obtain either transfer of this case for improper venue or dismissal.

## I.    Defendants are wrong about venue

### a.    *Graceland v. Plutus Enterprises* does not apply to this case

Defendants argue that *Graceland v. Plutus Enterprises LLC,* 2022 WL 1212801 (M.D. Fla. April 25, 2022), Reply at 2, supports their argument that

1

the RICO venue statute does not apply here.  There is no doubt whatsoever that one defendant, Goldner, resides in this district and none of the parties resides in Missouri.  Venue under RICO is residency based.  *See* 18 U.S.C. §1965(a).  That should end the matter unless defendants cite some Eleventh Circuit authority holding that "the ends of justice" has actually been used to move a RICO case to a district where no party resides.  They have not. *Graceland* is the converse.  It found that no party resided in *this district*. Then it theorized that even if one defendant did reside here it would have to assess other factors it believed  were implicated by the "ends of justice," primarily the "location of the parties, witnesses, records and acts or omissions giving rise to the claim."  *Id*. at *7.  But Defendants do not care to closely analyze those factors.  The undeniable facts are that *none* of the "parties, witnesses or records" in this case are in Missouri.  It is true that one of four of the predicate acts occurred there, but that is too thin a reed to support their assertion for denying application of RICO's venue provisions.

    Thus, in conclusion, defendants have failed to cite any authority supporting their argument that the Court should not apply RICO's venue provision and, accordingly, deny the motion to transfer venue.

**b.    The general venue statute does not support defendants' request for transfer**

Defendants further argue that venue is still proper in Missouri, even though no party resides there, because 28 U.S.C. §1391(b)(2), the general federal venue statute, provides that venue is proper in a "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred."  And without citation to any authority, Defendants assert that provision suffices to apply to this case and establish venue in Missouri.  This is, once again, unsupported and wrong.  This Court has held that provision, when applied to "non-physical torts" (and this is such a case) is interpreted to support venue "in the district where the injured party resides and the defamatory statements were published."  *Cap. Corp. Merch. Banking v. Corp. Colocation, Inc.,* 2008 WL 4058014 at *3 (M.D. Fla. 2008).  *See also, Elemary v. Philipp Holzmann A.G.,* 533 F. Supp. 144, 151 (D.D.C. 2008) ("Civil RICO… is a statutory tort remedy… To determine where transactional venue will lie in a tort action, courts typically look to where the allegedly tortious actions occurred and where the harms were felt") (internal citations omitted).  Plaintiff Blake resides in this district, and Mr. Gertz resides in Colorado.  Thus, the analysis is far more complex than defendants would have the court believe, and plaintiffs' residence is part of it.

The bottom line is that defendants have failed to meet their burden of showing the case could have been brought in Missouri, which it must do in order to obtain transfer pursuant to 28 U.S.C. §1404(a). Their motion for a transfer must be denied.

## II.    Defendants are wrong about jurisdiction

Defendants continue to assert the RICO claim is not "colorable," i.e., so lacking in detail as to be disregarded. Reply at 3. And if it is not "colorable," then the court lacks personal jurisdiction over the non-resident defendants. The only authority cited for this remarkable assertion is *Courbain v. Scott,* 596 F. App'x 729 (11th Cir. 2014), where the Eleventh Circuit affirmed the dismissal of a frivolous *pro se* RICO complaint which failed to allege "*any* predicate acts that could constitute 'racketeering activity' under RICO." *Id.* at 733 (emphasis added). Needless to say, a RICO complaint needs to properly allege racketeering activity. And the complaint also failed to allege a RICO enterprise. *Id.* The RICO claim was thus properly deemed "not to rise to the level of a colorable federal controversy." *Id.* This has no application here. Plaintiffs' RICO claim alleges a pattern of racketeering and an enterprise. Indeed, the parties have engaged in extensive briefing as to their adequacy. This argument must be rejected. (Indeed, it lacks color.)

## III.    Defendants are wrong about res judicata

Plaintiffs argue that the affirmative defense of res judicata does not
apply because their Rule 60 motion could not, even if successful, have
resulted in a judgment for the damages sought in this case.  The Reply does
not take issue with the unavailability of money damages per Rule 60.  And
for this reason alone, res judicata does not apply here.  *See, e.g., In re Atlanta
Retail, Inc.,* 456 F.3d 1277, 1287 (11th Cir. 2006) ("The most basic principles
of res judicata require that full relief must have been available in the first
action in order for the second action to be barred. *See* Restatement (Second)
of Judgments §26(1)(c).  Therefore, res judicata cannot apply to the contested
matters.")  In that case the "contested matters" were attempts to seek relief
in the initial action in bankruptcy court.  But since the bankruptcy court
could not issue the relief at issue in the second suit, damages under state
law, it was held not to be a bar to such an action.  As the Court stated, "even
if equitable subordination were available [in the bankruptcy court], the
amount Wachovia received from the bankruptcy would not be sufficient to
meet Kodak's losses." *Id*. at 1286.  The same principle is true here.  Plaintiffs
could not get complete relief in the Missouri court.  Thus, they are entitled to
do so here.[1]

_____

[1] And to the extent defendants seek to preclude the litigation of specific facts or
findings from the Missouri court, that falls under the rubric of collateral estoppel,

Defendants thus pivot in the Reply and assert the judgment is the damage, and the attempt to vacate it is enough to preclude them doing so here. Reply at 4. But the obvious answer to that is plaintiffs here are not seeking to vacate the judgment. And the fact that the Missouri court found there was "no evidence" of fraud, Reply at 6, does not change anything. *See, e.g., Turner v. Pleasant,* 663 F.3d 770, 775-76 (5th Cir. 2011) (permitting an independent action pursuant to Rule 60(d)(1) for damages following the denial of the plaintiffs' unsuccessful Rule 60(b)(3) motion on the same grounds and the loss of the appeal of that denial because res judicata was held not to apply). And *Florida Evergreen Follage v. E.I. DuPont De Nemours, Co.,* 135 F. Supp. 2d 1271, 1284 (S.D. Fla. 2001) allowed a RICO claim to proceed based upon prior litigation misconduct by defendants including "obstruction of justice" despite the denial of Rule 60 relief. *Id.* at 1287. Therefore, in conclusion, defendants have not shown that the affirmative defense of res judicata applies to preclude this action. They have thus failed to meet their heavy burden of showing it is applicable.

## IV.   Other issues

The Reply makes cursory arguments about Fed. R. Civ. P. 9(b), Reply at 7; pattern of racketeering, *id.* at 8; proximate causation, *id.* at 9; and

---

which plaintiffs briefed in the Response to the Motion to Dismiss. (Doc. 62). The Reply does not address collateral estoppel.

pleading a conspiracy, *id*. at 10.  Plaintiffs have addressed all of these

arguments in the Response.  No more is needed.

## V.    Conclusion

For all of the reasons detailed in Plaintiffs' Response and here, the

Defendants' motions to dismiss and transfer venue should be denied.

Respectfully submitted this 14th day of July 2025.

By: */s/ Mark Blake*
Mark Blake
MARK T. BLAKE, LL.M. P.A.
914 Poinciana Lane
Winter Park, FL 32789
(813) 480-6828
marktblake@aol.com

By: /s/ Howard Foster
Howard Foster
FOSTER PC
155 N. Wacker Drive, Suite 4250
Chicago, IL  60606
(312) 726-1600
hfoster@fosterpc.com

**Attorneys for Plaintiffs**

## CERTIFICATE OF SERVICE

I hereby certify that this document was filed using the CM/ECF system

which will automatically send email notification of such filing to the

attorneys of record.

/s/ Mark Blake