# EXHIBIT B

640:2-5 (foundation and explanation regarding Ex. 12); *see also* Dkt. 693 (stipulating regarding authenticity and business records qualification).) Exhibit 12 presents the claims information in a more usable format than the "raw" form that medical claims are transmitted (*i.e.*, "837I"[5]), which is a stream of letters and numbers. (*See* Tr. 703:3-6 (stating 837 data is read by computers, not humans).) Critically, Exhibit 12 reflected that each of the at-issue claims was billed used Putnam's TIN and NPI, which triggered payment under the Putnam-RightCHOICE contract.[6] (*See* Ex. 12; Tr. 614:18-25, 626:8-11.)

On August 23, 2019, Empower produced documents formatted according to the 837I specification (the "Empower 837 Data"). When they were deposed, Empower employees Jorge Perez, Ricardo Perez, and Yesenia Hidalgo each invoked the Fifth Amendment in response to Plaintiffs' questions. (*See* Dkt. 430 at 6.) Hospital Partners and Empower refused to make corporate representatives available to be deposed because, they said, anyone with knowledge would invoke the Fifth Amendment and refuse to answer Plaintiffs' questions. (*Id.*) The Empower Defendants also failed to produce documents from the relevant period. (*Id.*) The Empower Defendants were ultimately sanctioned and had default judgment entered against them as a result of their discovery deficiencies. (*See* Dkt. 430.) No discovery was taken—by the Sero Defendants or anyone else—as to the Empower 837 Data.

In an opposition brief at summary judgment, the Sero Defendants' raised for the first time their argument that the Empower 837 Data "contained a code indicating the involvement of an independent lab (*e.g.*, Serodynamics)." (Dkt. 554 SAMF ¶ 4.) The Sero Defendants' argument

[5] "837I" refers to the industry-standard format used by institutional health care providers, like hospitals, to submit health care claims electronically. (*See* Tr. 992:10-14.)

[6] No party, including the Sero Defendants, inquired into or challenged Plaintiffs' claims data throughout fact discovery. (*See* Dkt. 611 at 4-7; *see also* Dkt. 784 at 8.)

focused on a field in the Empower 837 Data that identifies the "submitter" of a claim. (*Id.*) Plaintiffs controverted this contention, including as follows: "Further controverted to the extent this contention suggests or implies that the 837i files submitted to Plaintiffs identified non-Putnam providers as performing the tests at issue. Putnam was represented as the rendering provider of the tests at issue, including through the use of Putnam's TIN and NPI, which triggered payment under the Putnam-RightCHOICE contract." (Dkt. 561 at 4.)

In its Order granting Plaintiffs' Motion for Summary Judgment as to Byrns, the Court made clear the fallacy of the Sero Defendants' arguments about the Empower 837 Data:

> The Sero Defendants argue that every claim at issue in this case identifies the "involvement" of the independent lab performing the testing. This argument is based on creating confusion from the ambiguity of what "involvement" might mean. Although the claims arguably identify the labs as submitters, it does not identify them as providers, which is something materially different and where the fraud enters. More importantly, this argument is irrelevant. The uncontested, materially false representation here is that Byrns and at least some of the other Defendants used Putnam's National Provider Identifier and Tax Identification Number to bill claims on behalf of patients who had no connection to Putnam. That is, in submitting these patients' claims, Byrns (in conjunction with at least some of the other Defendants) represented they had some legitimate connection to Putnam, when they did not.

(Dkt. 617 at 3.)

Because the Sero Defendants raised questions about the completeness of the Claims Spreadsheet at summary judgment, Plaintiffs collected and produced the 837I data they received from "Putnam" for the at-issue claims ("Plaintiffs' 837 Data"). (*See* Dkt. 603, Ex. 6.) Plaintiffs' 837 Data identifies the clearinghouse that transmitted the at-issue claims to Plaintiffs in the "submitter" field, not the labs that performed the underlying tests. (*See* Dkt. 611 at 12.) Putnam's TIN and NPI were used to identify the lab that performed the tests instead. (*Id.*) The Sero Defendants moved to exclude Plaintiffs' 837 Data from trial. (Dkt. 603.)

Plaintiffs moved *in limine* to exclude the Empower 837 Data because it was not

Dated: November 18, 2021

By: */s/ Michael L. Jente*

**LEWIS RICE LLC**
Neal F. Perryman, MO Bar #43057
Michael L. Jente, MO Bar #62980
600 Washington Avenue, Suite 2500
St. Louis, Missouri 63101
T: (314) 444-7600
nperryman@lewisrice.com
mjente@lewisrice.com

-and-

**ROBINS KAPLAN LLP**
Jeffrey S. Gleason (admitted PHV)
Munir R. Meghjee (admitted PHV)
Jason W. Pfeiffer, MO Bar # 50104
Nathaniel J. Moore (admitted PHV)
Jaime J. Wing (admitted PHV)
J. Haynes Hansen (admitted PHV)
800 LaSalle Avenue, Suite 2800
Minneapolis, Minnesota 55402
T: (612) 349-8500
F: (612) 339-4181
jgleason@robinskaplan.com
mmeghjee@robinskaplan.com
jpfeiffer@robinskaplan.com
nmoore@robinskaplan.com
jwing@robinskaplan.com
hhansen@robinskaplan.com

***Attorneys for Plaintiffs***